89 559
106 ¹124

## George Caruthers v. J. Franklin Balsley.

1. PRACTICE—*Where Evidence is Conflicting.*—Where the evidence is conflicting upon vital issues, the general rule is that the rulings of the court, both as to evidence and instructions, should be accurate.

2. PRESUMPTIONS—*That a Person Intends the Usual Meaning of Words Used by Him.*—In the absence of evidence to the contrary, a person is presumed to intend the natural consequences of his acts, or the usual meaning of words used by him.

**Action on the Case.**—Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed June 12, 1900.

M. T. LAYMAN, attorney for appellant.

SMITH & HAIRGROVE and J. MARSHALL MILLER, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant in case for damages sustained in consequence of the kick of a horse the latter had sold to the former. A trial by jury resulted in a verdict and judgment against appellant for $415, to reverse which this appeal is prosecuted, and it is insisted chiefly that the court admitted improper evidence, gave improper instructions, and the verdict is against the weight of the evidence.

It was claimed by appellee upon the trial that appellant represented or warranted the horse to be gentle, whereby he was induced to and did purchase the same, when in truth the horse was dangerous and known to be such by appellant. The horse was dangerous and kicked appellee, seriously injuring him. There was no conflict of the evidence upon the point that the horse was of the quality imputed, and appellant testified that he informed appellee before and at the time of the purchase that he was a dangerous horse, and that the purchase was made in view of such knowledge. This was the material point in issue upon

the trial and about which the evidence was sharply conflict-
ing.   There was evidence tending to prove that appellee
had admitted appellant told him the horse was dangerous,
but did not inform him that he was a man-eater.   Over the
objection of appellant, appellee was permitted to testify
that the doctor to whom he took the horse for treatment
for fistula refused to treat him because he found him to be
the man-eating horse, and upon this phase of the case the
difference between a simply dangerous horse and a man-eat-
ing horse was made a material question for the jury.   Upon
a consideration of the whole evidence in the case, and in
view of its conflicting character in material respects, we are
impelled to the conclusion that the admission of what the
doctor said to appellee about the horse, in the absence of
appellant, was prejudicial and misleading.   The evidence
was clearly incompetent, being hearsay merely, and being
upon a material point, and having been submitted to the
jury with the approval of the trial court, it can not, we
think, be doubted that the jury was improperly influenced
thereby.   Where the evidence is conflicting upon vital
issues the general rule is that the rulings of the court, both
as to evidence and instructions, should be accurate.

We find no harmful or prejudicial errors in the instruc-
tions.   It is complained by appellant that the court refused to
instruct the jury in effect, that to make a statement by the
seller amount to a warranty it must have been made with
that view, and with such intention, and that the purchaser
should receive and act upon the same as such.   Abstractly,
of course, this is an elementary principle of every contract,
but as the instruction was presented it assumed without
reference to the evidence, that there was an absence of such
intention, while it is the law, that in the absence of evidence
to the contrary, a person is presumed to intend the natural
consequences of his acts, or the usual meaning of words
used by him.

Inasmuch as the cause will be remanded for a new trial
we refrain from entering upon a discussion of the evidence
as to whether the verdict is thereby supported.

Appellee has assigned and argued cross-errors, calling in question the propriety of the action of the court by which the demurrer was sustained to the second count of the declaration. We are of the opinion that appellee had the benefit of all competent evidence at the trial upon the additional count of his declaration, and if there was error in sustaining such demurrer it was harmless. This is the oft-repeated ruling of the courts.

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.